29144. PIEDMONT REALTY COMPANY *et al. v.* BOSTWICK.

DECIDED SEPTEMBER 12, 1941.

*Thomas E. McLemore,* for plaintiffs in error.
*Paul L. Lindsay Jr., Rache Bell,* contra.

GARDNER, J. Curley Bostwick obtained an award from the Industrial Board, August 30, 1938, against J. H. Whisenant. Judgment issued thereon and was levied on March 25, 1940, on an automobile and certain household furniture as the property of the defendant in fi. fa. A claim to the automobile was filed by the Piedmont Realty Company of which the defendant in fi. fa. was president, his son secretary, and his wife vice-president. The household effects were claimed by the wife of the defendant in fi. fa. The evidence showed that the defendant, his son and his wife, lived in the house which had been transferred to her by the Piedmont Realty Company before the date of the judgment in question; that the automobile at the time of the levy was at the home of the defendant in fi. fa., his son and his wife; that in March, 1938,

before the award, the defendant in fi. fa. had returned the property levied on as his property, and at the same time had made a separate return for his wife; that since that time the property levied on had been returned in the name of the wife. The testimony of the plaintiff showed that the taxes were paid by the wife the year the property was returned in the name of the defendant, also previously thereto, and since that time. It appeared from the evidence that the defendant and his son transacted all the business for the Piedmont Realty Company and all the other business for the family for and in the name of the wife.

The claimant and the defendant in fi. fa. testified that the funds of the Piedmont Realty Company had purchased the automobile and that the funds of the wife had purchased the furniture levied on; there was no bill of sale or any other evidence as to who had purchased the property levied on. The evidence all the way through was very general, uncertain, and somewhat evasive. The jury returned a verdict finding the property subject to the fi. fa. The claimants moved for a new trial on the usual general grounds and on one special ground. The court overruled the motion and the claimants excepted.

1. The amended ground complains of error because the court charged the jury as follows: "Now, gentlemen, I charge you also in connection with the issues in this case, that a married woman under our law, may make contracts with other persons, but when a transaction between husband and wife is attacked for fraud by the creditors of either then the burden is on the husband and wife to show the transaction was fair." The claimants insist that the "actual complaint to the charge is that there was no evidence to substantiate it." We can not agree with this contention. Under the facts we do not think the charge was error.

2. While the evidence was slight, when taken as a whole, directly and circumstantially, we can not say as a matter of law that there was not some evidence to support the verdict. Since the trial court, having heard the evidence and seen the witnesses testify. has approved the verdict, we will not set it aside.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*